UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEREK V. WILLIAMS,

                    Plaintiff,

v.

SANTOS LAMAS, *et al.*

                    Defendants.

No. 08-5520RJB/JRC

REPORT AND RECOMMENDATION

NOTED FOR:
June 5, 2009

     This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff is proceeding *in forma pauperis* (Dkt. # 3). This matter is before the court on defendant's motion to dismiss the complaint at the 12 (b)(6) stage (Dkt # 12). Plaintiff has responded to the motion (Dkt # 16). Defendants have replied (Dkt # 19). This matter is ripe for review and a Report and Recommendation. Having reviewed the record, the court recommends this defendant's motion be **GRANTED** as to plaintiff's Eighth Amendment Claim, but that plaintiff be given leave to amend so he can articulate the basis and facts for his Fourteenth Amendment Due Process Claim and his Sixth Amendment Equal Protection Claim.

Report and Recommendation- 1

## FACTS

Plaintiff has an allergy to fish. He alleges that ingestion of fish can be fatal (Dkt. # 4, complaint page 3). Defendants do not contest that plaintiff has the alleged allergy. Plaintiff's Health Status Report, "HSR", for a no-fish diet was allegedly removed by Mrs. Lachney, a dietician at the McNeil Island Corrections Center (Dkt. # 4, complaint, page 3). Defendant Lachney did not accept service by mail and the plaintiff has not moved to have her personally served. Thus, this defendant is not before the Court.

Plaintiff has attached his level three grievance response to the complaint (Dkt. # 4, attachments). In that response the headquarters grievance coordinator, Devon Schrum, who is not a named party, informs the plaintiff that the Department of Corrections does not have a no-fish diet. Mr. Scrum also instructs plaintiff that fish is not served often and inmates with an allergy to fish are expected to self monitor and not eat fish when it is served. Mr. Schrum avers that the menu provides sufficient calories for self monitoring and notes that plaintiff also receives snacks in addition to the mainline menu. From the record it appears plaintiff receives these additional snacks, "sack lunches", because he is a diabetic (Dkt. # 4, page 3). Mr. Schrum indicates in his response that if plaintiff has concerns regarding weight loss he should "Kite medical" (Dkt. # 4, attachments).

The named defendants in this action are:

1. The Food Service Manager, Santos Lamas.

2. The McNeil Island's Grievance Coordinator, Mark Wesner.

3. Dietician Mrs. Lachney. (This defendant did not accept service by mail and has not been served).

4. Superintendent of the McNeil Island Corrections Center, Ron Van Boening.

(Dkt. # 4, complaint).

Report and Recommendation- 2

Plaintiff does not specifically indicate in the complaint which Amendments of the United States Constitution he claims defendants violated by their actions (Dtk. #4). Defendants have fairly characterized the compliant as raising an Eighth Amendment Claim regarding conditions of confinement (Dkt. # 12, pages 1 and 2). In his response, Plaintiff states that he is raising claims for violation of his right to Due Process under the Fourteenth Amendment, his right to Equal Protection under the Sixth Amendment, and a violation of the prohibition against cruel and unusual punishment found in the Eighth Amendment (Dkt. # 16).

The defendants move to dismiss arguing that they are entitled to dismissal of the complaint: 1) for failure to state a claim; 2) for lack of personal participation; and 3) because they are entitled to qualified immunity from suit (Dkt. # 12). Defendant's reply simply reiterates the three arguments they raise in their initial motion (Dkt # 19).

Plaintiff is no longer incarcerated. Plaintiff has not set forth any facts regarding his contention that he suffered undue physical and mental hardship. (Dkt. # 4, page 4).

## STANDARD OF REVIEW

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), has modified the standard of review. The Supreme Court in Bell espouses that to apply the language from the earlier Gibson case literally eviscerates the possibility of a rule 12 dismissal. Conley v. Gibson, 355 U.S. 41, 45-56 (1957). A Rule 12(b)(6) motion may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). While a court liberally construes pro se pleadings the court cannot supply facts that are not plead. Pena v Gardner, 976 F.2d 469 (9th Cir. 1992). "While a complaint

Report and Recommendation- 3

challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-556 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 556. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 571.

## DISCUSSION

1. The Eighth Amendment claim.

The Eighth Amendment prohibits infliction of cruel and unusual punishment. The Eighth Amendment is violated when an inmate is deprived of the minimal civilized measure of life's necessities. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To establish an Eighth Amendment violation, an inmate must allege both an objective element -- that the deprivation was sufficiently serious -- and a subjective element -- that a prison official acted with deliberate indifference. Rhodes v. Chapman, 452 U.S. at 359-60. To constitute deliberate indifference, an official must know of and disregard an excessive risk to inmate health or safety. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and the official must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 1983 (1994).

Only deprivations that deny inmates the minimal civilized measures of life's necessities are sufficient to rise to the level of an Eighth Amendment violation. Wilson v. Seiter, 501 U.S. 294, 298 (1991). For prison conditions to rise to the level of cruel and unusual punishment there must be evidence of a serious physical or emotional injury resulting from the challenged condition. Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993);

Report and Recommendation- 4

Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990). Further, differences in judgment between an inmate and prison personnel do not constitute cruel and unusual punishment. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (A difference of opinion between a medical provider and an inmate does not rise to the level of a constitutional violation).

Plaintiff's Eighth Amendment claim fails as a matter of law. Prison officials in this case were not deliberately indifferent to his allergy to fish. He was informed he should avoid fish and that the menu available to him had sufficient calories for self monitoring. Further, plaintiff has not set forth any evidence showing serious physical or emotional injury as a result of the decision not to provide a no-fish alternative. His conclusory statement that he suffered undue hardship is not sufficient to avoid dismissal. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). It does not appear that an amendment could cure this defect in the complaint. The court should **GRANT** Defendant's motion to dismiss this claim.

2. Personal participation.

While the court recommends that the Eighth Amendment claim for cruel and unusual punishment be dismissed, without leave to amend, the court also recommends that plaintiff be given another opportunity to amend the complaint to clarify his Fourteenth Amendment due Process and Equal Protection allegations. While the court cannot now determine what set of facts may give rise to such causes of action, since plaintiff is entitled to every reasonable opportunity to state a claim for relief, the court recommends that plaintiff give it one more try.

In doing so, the court reminds plaintiff that he must set forth the specific factual bases upon which he claims each defendant is liable. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility. Alleging liability based on the theory of *respondeat superior* is not

Report and Recommendation- 5

sufficient to state a claim under Section 1983. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982): Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). Nor can individuals be sued for damages under Section 1983 in their official capacities. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Defendants move for dismissal and argue:

> The Plaintiff fails to allege the personal participation of any of the Defendants. He provides one conclusory statement that they all failed to acknowledge his "no-fish diet" but he does not state how any of them were specifically involved. It is difficult to know how the grievance coordinator for the institution was involved in the denial of his diet. At best, the grievance coordinator probably processed his grievances regarding his diet, but this is not sufficient to show that Defendant Wesner participated in the actions alleged. He also does not provide any specific allegations against Defendants Van Boening or Lamas. Absent any sort of specific showing of how any of the defendants participated in the alleged allegations, he has failed to state a claim and the complaint should be dismissed.

(Dkt. # 12, page 7). Plaintiff alleges he filed a grievance when the dietician, who did not accept service by mail, took away his no-fish diet (Dkt. # 4, page 3). He does not state that any of the remaining defendants played a part in the decision to change his diet or whether they played any role in the review of that decision. The present complaint is insufficient.

However, this defect could possibly be cured by amendment. If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. Bonanno v. Thomas, 309 F.2d 320, 322 (9th Cir.1962). Leave to amend, whether requested or not, should be granted unless amendment would be futile. Schreiber Distributing

Report and Recommendation- 6

Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986). The court should **GRANT** defendant's motion on this issue, but plaintiff should be given leave to amend. If plaintiff can provide sufficient information that describes personal participation by one or more of the defendants that violates his Fourteenth Amendment Due Process rights or his Equal Protection rights, then the court will consider such an amended complaint.

    3.    Qualified Immunity.

State officials are entitled to qualified immunity unless they violated clearly established law of which a reasonable person should have known. Harlow v. Fitzgerald, 457 U.S. 800, (1982). When evaluating the issue of qualified immunity, the court follows a two-part test: (1) whether the facts alleged "show [that] the officer[s'] conduct violated a constitutional right"; and (2) whether the constitutional right in question was "clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz 533 U.S. 194, 201-02 (2001); *see also* Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1050 (9th Cir.2002).

It is well established that Inmates have the right to be provided with food that keeps them in good health yet satisfies the dietary requirements of their religion. McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987). However, this right must be balanced against budgetary and administrative concerns of the prison. Ward v. Walsh, 1 F.3d 873 (9th Cir. 1993. The parties disagree as to whether the actions taken by prison officials allowed plaintiff to have an adequate amount of food and whether the food kept him in good health or subjected him to an unreasonable risk. The subjective motivation of the defendants is also at issue as the Court is considering an Eighth Amendment claim where the state of mind of the defendant is an element of the violation. The record before the court is insufficient to determine if qualified immunity is

Report and Recommendation- 7

appropriate in this case.  The motion to dismiss based on qualified immunity should be **DENIED** at this stage of the proceeding.

    4.    <u>Due Process and Equal Protection</u>.

In the response to the motion to dismiss plaintiff argues his right to Due Process under the Fourteenth Amendment and his right to Equal Protection under the Sixth Amendment were violated when the dietician removed his no fish diet.  These are in addition to the Eighth Amendment claim (Dkt # 16, page2).  Neither of these causes of action is articulated in the original complaint (Dkt. # 4).   Plaintiff should be given a chance to inform the court and the defendants of the facts surrounding these claims.

Leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. <u>Bonanno v. Thomas</u>, 309 F.2d 320, 322 (9th Cir.1962).  Leave to amend, whether requested or not, should be granted unless amendment would be futile. <u>Schreiber Distributing Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir.1986).  The court should give plaintiff leave to amend to articulate his position and the facts relating to these two causes of action.

<u>CONCLUSION</u>

Plaintiff's Eighth Amendment claim is without merit given the facts presented. Leave to amend will not cure the defect and the defendant's motion to dismiss this claim should be **GRANTED.**  Plaintiff should be given leave to file an amended complaint that sets for the facts and basis for his Fourteenth Amendment Due Process claim and his Sixth Amendment Equal Protection Claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written

Report and Recommendation- 8

objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 5, 2009,** as noted in the caption.

DATED this 5th day of May, 2009.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

Report and Recommendation- 9